UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIM A. MARTINEZ, | ) | Case No. 3:08CV2481 |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| v. | ) | Magistrate Judge George J. Limbert |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Defendant | ) | |

Tim Martinez ("Plaintiff") seeks judicial review of the final decision of Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. For the following reasons, the undersigned recommends that the Court REVERSE the Administrative Law Judge's ("ALJ") decision and REMAND the instant matter for further factfinding, analysis, and articulation:

I.   **PROCEDURAL HISTORY**

On January 13, 2004, Plaintiff filed applications for DIB and SSI. Tr. at 61-63, 187-89. His applications were denied initially and on reconsideration. *Id*. at 49-52, 179-82, 183-86. On October 25, 2004, Plaintiff requested an administrative hearing. *Id*. at 45. On August 10, 2006, an ALJ conducted a hearing where Plaintiff was represented by counsel. *Id*. at 200-228. The ALJ heard testimony from Plaintiff and from Joseph Thompson, a vocational expert. *Id*. On June 25, 2007, the ALJ issued a Notice of Decision - Unfavorable. *Id*. at 13-23. On August 24, 2007, Plaintiff requested that the Appeals Council review the ALJ's decision. *Id*. at 190-95, 196-99. On August 21, 2008, the Appeals Council denied review of the ALJ's decision. *Id*. at 5-8. On October 20, 2008, Plaintiff filed the instant suit. ECF Dkt. #1. On February 17, 2009, Plaintiff filed a brief on the merits. ECF Dkt. #14. On April 30, 2009, Defendant filed a brief on the merits. ECF Dkt. #17.

On May 14, 2009, Plaintiff filed a reply. ECF Dkt. #18.

## II. SUMMARY OF THE ALJ's DECISION

The ALJ found that Plaintiff suffered from morbid obesity and hidradenitis supprativa, which qualified as severe impairments. Tr. at 19. He determined that Plaintiff's condition did not satisfy Listing 8.06 Hidradenitis Supprativa. *Id*. at 19-20. The ALJ went on to assess Plaintiff's credibility and determined that he was "not reliable" because he overstated his limitations due to obesity and he failed to appear for treatment procedures for his skin disorder. *Id*. at 20-21.

The ALJ determined that Plaintiff had "a limited residual functional capacity." Tr. at 21. The ALJ specifically found that Plaintiff would be required to sit and stand while working, but his impairments would prevent standing and walking more than 50% of an 8-hour workday. *Id*. He also found that Plaintiff could not reach extreme postures, such as stooping, kneeling, and bending, more than occasionally. *Id*.

Based upon this RFC, the ALJ determined that Plaintiff could not perform his past relevant work as a cook, grill cook, line worker, prep cook, or a dishwasher. Tr. at 22. The ALJ reasoned that the vocational expert had testified that these jobs require more standing and walking than a person with Plaintiff's RFC could perform. *Id*.

The ALJ then determined that work exists in significant numbers in the national economy that Plaintiff can perform. Tr. at 22. He reasoned that the vocational expert opined that a person with Plaintiff's age, education, work experience, and RFC could perform the duties of packager, cashier, and assembler. *Id*. at 22-23. The ALJ therefore concluded that Plaintiff was not disabled. *Id*. at 23.

## III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to disability insurance benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *Id.*; *Walters,* 127 F.3d at 532. Substantiality is based upon the record taken as a whole. *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365 (6th Cir. 1984).

## V. ANALYSIS

Plaintiff raises only one claim in the instant case. Plaintiff asserts that the ALJ improperly relied upon the vocational expert's opinion in determining that work exists in significant numbers in the national economy that Plaintiff can perform. ECF Dkt. #14 at 5. Plaintiff reasons that the ALJ relied upon an incomplete hypothetical question to the vocational expert. *Id*. Specifically, Plaintiff contends that the ALJ's decision found that he could stand and walk for only 50% of the workday, but he did not include that limitation in his hypothetical question to the vocational expert. *Id*. at 6. Plaintiff contends that the vocational expert identified light duty jobs that require a person to be on his or her feet for at least two-thirds of the day. *Id*.

Defendant acknowledges the ALJ's error, but contends that it was harmless because the facts in this case indicate that "an ALJ should find someone with Plaintiff's undisputed limitations and vocational profile 'not disabled' without recourse to a vocational expert." ECF Dkt. #17 at 6. Defendant contends that medical-vocational guidelines Rule 201.27 and SSR 83-14, 85-15 and 96-9p support a finding of not disabled. *Id*. at 7.

If a claimant can perform all or substantially all of the demands for a given exertional level then an ALJ may apply the medical-vocational guidelines found in 20 C.F.R. Part 404 Supbpart P, Appendix 2, Tables 1-3 (the "Grid") in order to determine if the claimant is disabled. SSR 83-11. However, the RFC upon which each table rule is based reflects the absence of any nonexertional limitation. *Id*. Therefore, if an individual's RFC does not coincide with one of the defined exertional levels and/or the claimant possess nonexertional limitations, the ALJ may use the Grid only as a framework. SSR 83-12; SSR 83-24. If an individual's RFC has eroded and the extent of the erosion is unclear, the ALJ must consult a vocational resource. SSR 83-12.

The undersigned recommends that the Court reject Defendant's argument that the ALJ's error was harmless based upon the application of the Grid. In order to find harmless error, the Court would have to engage in factfinding that would invade the province of the Commissioner. *See generally Abbott*, 905 F.2d at 922. Defendant is asking the Court to determine that Plaintiff is not disabled because he can perform the full range of sedentary work. ECF Dkt. #17 at 7 ("Plaintiff could perform all of the exertional requirements of sedentary work . . ."). Defendant goes on to

-4-

contend that the Court can apply the Grid because Plaintiff does not have any additional nonexertional impairments. *Id*. at 8-9. Defendant's argument may have merit at the administrative level, but it ignores one important aspect of the ALJ's decision. The ALJ never articulated what exertional level Plaintiff's RFC included. *See* Tr. at 21-23. Therefore, the Court would have to engage in inferential analysis and speculation to determine Plaintiff's exertional abilities, and in so doing, the Court would invade the Commissioner's province as factfinder.

The RFC is imprecise as to Plaintiff's exertional abilities: "The claimant had a limited residual functional capacity." Tr. at 21. The decision never attempts to classify Plaintiff's exertional abilities within the regulations (*i.e.*, sedentary, light, medium, heavy, very heavy). The ALJ ultimately determined that Plaintiff could perform jobs requiring light exertion and he even alluded to the possibility of Plaintiff performing some heavy work. *See* Tr. at 22-23 (ALJ adopting VE's opinion) 224 (VE opining that jobs require light exertion); (as to heavy work Tr. at 22) ("If the claimant had the residual functional capacity to perform the full range of heavy work, a finding of 'not disabled' would be directed. . ."). Of note, the undersigned fails to see any basis for the ALJ's mention of heavy work since his past work primarily involved cooking and washing dishes and the ALJ never asked the vocational expert to define the vocational requirements of that work. *See* Tr. at 223-27. Regardless, the ALJ left unanswered the question of what exactly Plaintiff's exertional abilities are. For the Court to apply the Grid, it would have to speculate or make factual findings as to Plaintiff's exertional abilities due to the ambiguity in the RFC.

For Defendant's harmless error argument to prevail, Defendant must show that Plaintiff can perform substantially the entire range of duties at a given exertional level. SSR 83-11. Where the ALJ has failed to clearly define Plaintiff's exertional abilities, it would be difficult for the Court to determine with certainty that the ALJ's holding stands for the proposition that Plaintiff can perform the entire range of duties at the sedentary level. If Plaintiff's exertional abilities are significantly limited, then the Grid is not conclusive; it is only a framework and Defendant's harmless error analysis would lack merit. *See Kimbrough v. Sec'y of Health & Human Servs.*, 801 F.2d 794, 796 (6th Cir. 1986). Therefore, Defendant's entire argument hinges on whether Plaintiff's exertional abilities are limited and whether Plaintiff's RFC coincides with the sedentary exertional level.

Defendant contends that Plaintiff can perform all of the requirements of sedentary work. ECF Dkt. #17 at 2. The *ALJ* never stated that finding. As discussed above, the ALJ never endeavored to delineate Plaintiff's exertional abilities within the meanings of the regulations (*i.e.*, sedentary, light, medium, heavy, very heavy). Even if the Court could determine with certainty that the ALJ had found Plaintiff's RFC to include light exertion, that conclusion would not **require** a finding of an ability to perform all the entire range of duties at the sedentary level. Therefore, the Court could not apply the Grid at the sedentary level to reach a conclusive determination of disability.

In order to reach the conclusion that the Plaintiff can perform the duties of sedentary work, the Court would have to consider 20 C.F.R. § 416.967(b). Under 20 C.F.R. § 416.967(b), a **permissive inference** exists to determine that a person who can perform light work can also perform the full range of sedentary work: "If someone can do light work we determine that he or she can also do sedentary work, **unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time**." *Id*. (emphasis added).[1] The last clause in the foregoing quotation makes the inference permissive, not mandatory, because the Commissioner must determine if additional limiting factors exist. Further, because the list of limiting factors in 20 C.F.R. § 416.967(b) is prefaced by "such as" it is not exhaustive, so the Commissioner in a given case could consider a large number of limitations. If, however, the inference were mandatory, the Court would not have to engage in factfinding and would not invade the province of the Commissioner. For this reason alone, the Court should remand the instant case so that the ALJ can

---

[1] The undersigned notes that the Sixth Circuit has held that "an individual who can perform light work by definition can also perform sedentary work." *Gaskin v. Commissioner of Social Sec.*, 280 Fed.Appx. 472, 2008 WL 2229848 at **4 citing 20 C.F.R. § 404.1567(b), 416.967(b)(6th Cir. May 30, 2008), unreported. The Gaskin case is distinguishable, however, because in that case, the ALJ had made a factual finding that the claimant could perform light work, and the claimant contended that the ALJ erred in failing to give controlling weight to a physician who opined that his RFC was limited to sedentary work, but the error would have been harmless because the ALJ had found that jobs existed at both the light and sedentary levels. *Id*. Therefore, in Gaskin, there was no need to consider additional limitations, as there may be in the case at bar. Specifically, the ALJ in the case at bar found that Plaintiff required an ability to sit or stand while working. This may be considered an "additional limiting factor" under 20 C.F.R. § 416.967(b). But the Commissioner, not the Court must make this determination.

determine whether Plaintiff has additional limiting factors that would erode the sedentary work base and render the Grids advisory rather than conclusive.

The undersigned notes that in this particular case, there is an indication that Plaintiff's exertional abilities may have been significantly limited because the ALJ found that Plaintiff would need to be able to sit and stand while working. The ability to sit and stand is considered "exertional." *See* 20 C.F.R. § 404.1569a(b). Sedentary work requires an ability to sit for 6 hours out of an 8-hour workday. SSR 96-9p. The ALJ found that Plaintiff would need to be able to sit or stand while working, but he did not state an interval. Tr. at 21. Therefore, the ALJ's RFC may place significant limitations on Plaintiff's exertional abilities even at the sedentary level. The level of limitation would most likely depend on the interval at which Plaintiff would require an ability to alternate positions. Again, this is a factual finding for the Commissioner to make.

For the Court to apply harmless error analysis in the manner in which Defendant seeks, the Court would have to make two factual findings. In order to determine that Plaintiff can perform sedentary work, the Court would first have to make a factual finding that Plaintiff has no additional limiting factors beyond the light level of work in order to permit an inference under 20 C.F.R. § 416.967(b). As discussed above, Plaintiff's sit/stand option could qualify as such an additional limitation. Then, in order to apply the Grid as conclusive, the Court would have to determine if the sedentary work base had been substantially eroded. *See Kimbrough*, 801 F.2d at 796. If the Grid is only applicable as a framework, then the Court cannot determine that the ALJ's error is harmless because the ALJ's discretion is required for the adjudication of Plaintiff's claim.

Plaintiff contends that there are nonexertional limitations that erode the sedentary work base, namely the ALJ's requirement that Plaintiff be able sit or stand. ECF Dkt. #18 at 3 citing *citing Jordan v. Comm'r of Soc. Sec.,* 548 F.3d 417 (6th Cir. 2008). Plaintiff's reliance on *Jordan* is misplaced. In *Jordan*, the Sixth Circuit observed that the claimant had nonexertional limitations within the meaning of 20 C.F.R. § 404.1569a(c)(iv) because she could not climb ladders, ropes, or scaffolds. *Id*. at 423. To the contrary, Plaintiff's contention in this case is that his inability to sit or stand for a prolonged period fits squarely within the definition of exertional limitations. *See* 20 C.F.R. § 404.1569a(b):

-7-

> Exertional limitations. When the limitations and restrictions imposed by your impairment(s) and related symptoms, such as pain, affect only your ability to meet the strength demands of jobs (**sitting, standing**, walking, lifting, carrying, pushing, and pulling), we consider that you have only exertional limitations. When your impairment(s) and related symptoms only impose exertional limitations and your specific vocational profile is listed in a rule contained in appendix 2 of this subpart, we will directly apply that rule to decide whether you are disabled.

20 C.F.R. § 404.1569a(b) (emphasis added). Nevertheless, *the extent* to which Plaintiff's need to sit and stand erodes the sedentary work base is a question of fact that the ALJ must consider.

Remand is necessary in this case because the Court cannot apply the Grid to conclusively assess disability without making findings of fact and invading the province of the Commissioner as a factfinder. *See generally Abbott*, 905 F.2d at 922.

## VI. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court REVERSE the ALJ's decision and REMAND the instant case for further factfinding, analysis, and articulation.


Date: September 17, 2009         */s/George J. Limbert*
                                 GEORGE J. LIMBERT
                                 U.S. MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).