IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tim A. Martinez,　　　　　　　　　　　　　　Case No. 3:08 CV 2481

　　　　　　　　Plaintiff,　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　AND ORDER
　　　-vs-
　　　　　　　　　　　　　　　　　　　　　　　JUDGE JACK ZOUHARY
Commissioner of Social Security,

　　　　　　　　Defendant.

## INTRODUCTION

Plaintiff Timothy Martinez filed a Complaint (Doc. No. 1) against the Commissioner of Social Security seeking judicial review of the Commissioner's decision to deny Supplemental Social Security Income (SSI) and Disability Insurance Benefits (DIB). This Court has jurisdiction under 42 U.S.C. § 405(g). This case was referred to United States Magistrate Judge George Limbert for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2).

After briefing on the merits by both parties, the Magistrate recommended this Court reverse the Commissioner's denial of benefits and remand for further proceedings (Doc. No. 19). Defendant filed an Objection to the R&R (Doc. No. 20), to which Plaintiff replied (Doc. No. 21).

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has reviewed the Magistrate's findings *de novo*. For the reasons set forth below, the Court adopts the Magistrate's recommendation to reverse and remand the case to the Commissioner.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural history (Doc. No. 19, pp. 1-2), and this Court adopts that portion of the R&R in its entirety. Briefly, Plaintiff suffers from morbid obesity and hidradenitis supprativa, a skin condition. He filed applications for DIB and SSI in January 2004. Those applications were denied initially and on reconsideration. In August 2006, Plaintiff had a hearing before an Administrative Law Judge (ALJ), who heard testimony from Plaintiff and a Vocational Expert (VE). The ALJ concluded Plaintiff had a limited residual functional capacity (RFC) (Tr. 21):

> The claimant would be required to sit and stand while working. Relevant impairments would prevent standing and walking more than 50% of the 8 hour workday. This person cannot reach extreme postures (stooping, kneeling, bending, etc.) more often than occasionally.

At the hearing, the ALJ asked the VE to consider (Tr. 24):

> [S]omeone who would be able to sit or stand while working. And would require . . . respite, sitting during the day. But . . . his impairments would prevent prolonged sitting. This individual cannot reach extreme postures -- stooping and kneeling and bending -- more often than occasionally.

Based on this hypothetical question, the VE testified that Plaintiff would not be able to perform his past relevant work as cook, line worker, or dishwasher, but that Plaintiff could work as a packager, cashier, or assembler (Tr. 224). The ALJ relied on this testimony in concluding that Plaintiff could perform jobs which existed in significant numbers in the national economy (Tr. 22-23). The ALJ therefore found Plaintiff "not disabled" (Tr. 23). The Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

In reviewing the denial of SSI and DIB, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. §405(g)). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). However, procedural errors can be a basis for overturning the decision of the Commissioner, even if that decision is supported by substantial evidence. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## STANDARD FOR DISABILITY

Eligibility for DIB and SSI is predicated on the existence of a disability. 42 U.S.C. § 423(a), (d). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (definition used in DIB context); *see also* 20 C.F.R. § 416.905(a) (definition used in SSI context). The Commissioner's regulations governing the five-step evaluation of disability

for DIB and SSI are identical for the purposes of this case, and are found at 20 C.F.R. §§ 404.1520 and 416.920, respectively:

1. Was claimant engaged in a substantial gainful activity?

2. Did claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?

3. Does the severe impairment meet one of the listed impairments?

4. What is claimant's residual functional capacity and can claimant perform past relevant work?

5. Can claimant do any other work considering his residual functional capacity, age, education, and work experience?

Under this five-step sequential analysis, the claimant has the burden of proof in Steps One through Four. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at Step Five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.* The court considers claimant's residual functional capacity, age, education, and past work experience to determine if claimant could perform other work. *Walters*, 127 F.3d at 529. Only if a claimant satisfies each element of the analysis, including inability to do other work, and meets the duration requirements, is he determined to be disabled. 20 C.F.R. § 404.1520(b)-(f); *see also Walters*, 127 F.3d at 529.

## DISCUSSION

Plaintiff identifies a single error in the ALJ's finding: the ALJ's hypothetical question to the VE failed to include Plaintiff's inability to stand or walk more than fifty percent of the eight-hour workday -- a limitation that was clearly described in the ALJ's RFC finding. This error was prejudicial, contends Plaintiff, because the "light" duty jobs identified by the VE typically require a

person to be on his feet for at least two-thirds of the workday. *See* Soc. Sec. Rul. 83-10. This Court agrees the failure to include the standing-walking limitation was error. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010) ("In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments.")

Defendant concedes the ALJ's hypothetical was flawed but argues this error was harmless because the ALJ should have found Plaintiff "not disabled" without reference to the VE's testimony. In Defendant's view, the ALJ should simply have referred to the Medical-Vocational Guidelines (often called "the grids"), which dictate findings of "disabled" or "not disabled" for claimants with particular residual functional capacities and vocational profiles. *See* 20 C.F.R. Pt. 404, Subpt. P; *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 424 (6th Cir. 2008). The Medical-Vocational Guidelines are organized by functional levels -- from "sedentary" through "very heavy" -- defined by seven exertional requirements: sitting, standing, walking, lifting, carrying, pushing, and pulling. *See* Soc. Sec. Rul. 83-10. Reliance on the Medical-Vocational Guidelines is appropriate when a claimant can perform a "full range" of work at a given functional level. *See, e.g.*, *Jordan*, 548 F.3d at 424. Here, Defendant specifically points to Medical-Vocational Rule 201.27, which directs a finding of "not disabled" for claimants of Plaintiffs' age, education, and skills who have a "sedentary" RFC. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x. 2 § 201.27.

This Court rejects Defendant's harmless error argument, for two reasons. First, a reviewing court "must judge the propriety of [agency] action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action

5

by substituting what it considers to be a more adequate or proper basis." *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 192 (6th Cir. 2009) (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). Here, the ALJ based his conclusion on the testimony of the VE, not on the Medical-Vocational Guidelines. Thus, to rely exclusively on the Guidelines now would be to review Plaintiff's benefits claims on grounds different than those invoked by the agency. Indeed, Defendant has cited no case where a court applied the Medical-Vocational Guidelines to find harmless error when the underlying agency decision was not also based on the Guidelines.[1]

Second, even if this Court had the power to affirm the ALJ based on the Medical-Vocational Guidelines, the factual record does not support such a conclusion. As noted above, an ALJ may rely on the Guidelines when a claimant can perform a "full range" of work at a given functional level, as defined by the seven exertional requirements. On this record, this Court cannot say definitively that Plaintiff meets the "sitting" requirement for sedentary work described in Social Security Ruling 96-9p:

> In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately six hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals. If an individual is unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded.

The record is ambiguous as to Plaintiff's ability to sit for prolonged periods. The ALJ's RFC finding states that "[t]he claimant would be required to sit and stand while working." That statement is

---

[1] Defendant cites the Supreme Court's decision in *Shinseki v. Sanders* for the rule that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." 129 S. Ct. 1696, 1706 (2009). That rule does not change the analysis here, because Plaintiff has met his burden of showing the identified error in the agency's determination was harmful. The *Shinseki* decision does not place any burden on Plaintiff to refute alternative, *post hoc* rationalizations of an agency's decision such as the one Defendant offers here.

subject to different interpretations. It may merely refer to Plaintiff's inability to be on his feet more than half the workday, or it may be a more demanding requirement for a "sit-stand" work option. In light of other evidence in the record, this Court cannot discount the latter interpretation. Plaintiff testified that sometimes "sitting in the wrong kind of seat" could aggravate his skin condition (Tr. 220), and the ALJ's hypothetical question to the VE noted that "[Plaintiff's] impairments would prevent prolonged sitting" (Tr. 223). This question indicates the ALJ had some doubt about Plaintiff's ability to sit for prolonged periods. In sum, the record does not conclusively demonstrate that Plaintiff meets the exertional requirements for sedentary work.

## CONCLUSION

Defendant concedes the hypothetical question to the VE was flawed, and therefore the VE's testimony does not constitute substantial evidence supporting the ALJ's decision. Furthermore, the error was not harmless. Accordingly, this Court adopts the Magistrate's recommendation to reverse the decision of the ALJ and remand for further proceedings.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 11, 2010